NUNC PRO TUNC OPINION
{¶ 1} Due to clerical error and inadvertent filing of the Memorandum-Opinion and Judgment Entry filed on December 12, 2005, bearing insufficient judicial signatures, such Memorandum-Opinion and Judgment Entry is hereby stricken and this Memorandum-Opinion shall speak and be in effect, nunc pro tunc, as of December 12, 2005, the date of the former Memorandum-Opinion and Judgment Entry of this Court, which this Memorandum-Opinion and Judgment Entry corrects and replaces.
 {¶ 2} Appellant appeals his conviction and sentence entered on January 21, 2005, following a jury trial, in the Stark County Court of Common Pleas on one count of theft.
 {¶ 3} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 4} On October 29, 2004, Appellant filled a grocery cart at the Acme store in North Canton with approximately $1,500.00 worth of items and attempted to exit the store without paying for the items. The manager of the store stopped Appellant just as he was outside the doors of the store. Upon seeing the manager, Appellant pushed the cart back into the store, stating that he was just going outside to smoke a cigarette. When asked to pay for the items in the cart, Appellant stated that his girlfriend was on the way to the store with a credit card to pay for the items. Appellant's girlfriend was paged, but no one ever came to pay for the items. (T. at 139-140). At one point Appellant attempted to leave but was stopped by the manager.
 {¶ 5} The cart contained 212 items which were neatly organized, with the smallest items located in the bottom of the cart, and the larger items on top. The cart also contained many multiples of items. The majority of the items were health and beauty goods, including deodorant, soaps and laundry detergent. (T. at 144, 161-162, 165, 167-168).
 {¶ 6} The store manager contacted the police, who took Appellant into custody. Appellant only had one dollar in his wallet, no credit cards and no identification. Initially, Appellant falsely identified himself to police as Robert Warner. (T. at 191-194, 200-203).
 {¶ 7} On November 30, 2004, Appellant Martin Higinbotham was indicted on one count of theft, in violation of R.C. 2913.02, a felony of the fifth degree.
 {¶ 8} On July 9, 2004, Appellant was arraigned and a entered a plea of not guilty.
 {¶ 9} Prior to the trial, Appellant filed two motions in limine. The first motion sought to exclude evidence of the fact that Appellant was on parole and that an active warrant existed for his arrest at the time he was arrested on this charge. The trial court sustained this motion.
 {¶ 10} The second motion sought to exclude evidence concerning an incident which occurred one week prior to this theft, wherein Appellant was observed by a store employee packing a cart full with items. The store employee notified the manager but by that time Appellant had abandoned the cart and left the store. The State argued that evidence of this prior act should be admissible under Evid.R. 404(B) as evidence of plan, knowledge, or lack of mistake. The trial court agreed and overruled Appellant's motion in limine but advised Appellant that a limiting instruction would be given, if requested.
 {¶ 11} On January 21, 2005, this matter proceeded to jury trial. The jury returned a verdict of guilty as charged in the indictment.
 {¶ 12} The trial court sentenced appellant to eleven (11) months incarceration.
 {¶ 13} Appellant now appeals, assigning the following as error:
 ASSIGNMENT OF ERROR {¶ 14} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT ADMITTED HIGHLY PREJUDICIAL AND IMPROPER TESTIMONY REGARDING HIS PRIOR ACTS.
 {¶ 15} "II. THE VERDICT FINDING THE APPELLANT GUILTY OF THEFT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I. {¶ 16} In the first assignment of error, Appellant argues that the trial court erred in allowing evidence of the prior activity which occurred at the store. Appellant urges this is evidence of prior criminal acts improperly introduced in violation of Evid. R. 404(B). We disagree.
 {¶ 17} Evidence Rule 404(B) states:
 {¶ 18} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 19} R.C. § 2945.59 states:
 {¶ 20} "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
 {¶ 21} Because Evid.R. 404(B), and R.C. § 2945.59, codify an exception to the common law with respect to evidence of other acts of wrongdoing, they must be construed against admissibility, and the standard for determining admissibility of such evidence is strict. State v. Broom (1988), 40 Ohio St.3d 277,533 N.E.2d 682, syllabus by the court, paragraph 1.
 {¶ 22} Specifically, Appellant objects to the introduction of following testimony by Andrea Conn, an Acme store employee:
 {¶ 23} "Q. Andrea, before we went to the side bar you were getting ready to tell the jury where you had seen this Defendant before and when?
 {¶ 24} "A. I had seen him the week before. I saw him in the deodorant aisle, and I made sure that I made eye contact and made sure that I had noticed him.
 {¶ 25} "Q. What, if anything, did you notice about — or strike that. Let me back up for a second. When you saw him shopping in the deodorant aisle did he have a shopping cart?
 {¶ 26} "A. Yes, he did.
 {¶ 27} "Q. Were there items in the cart?
 {¶ 28} "A. It seemed like there were a small amount at the bottom. It was just probably on the bottom of the cart.
 {¶ 29} "Q. Did you notice anything at that point in time in the way that the items were placed in the cart the week before?
 {¶ 30} "A. Yes. There were multiples. It seemed like that it was multiples and that it was well organized at the bottom; that things were in a specific manner. And the way that the — thing that I found unusual is that there were multiples of deodorants, that there were several different kinds of deodorants. (T. at 174-175).
 {¶ 31} In State v. Noling, 98 Ohio St.3d 44,2002-Ohio-7044, 781 N.E.2d 88, the Ohio Supreme Court held the admission of evidence is addressed to the broad discretion of the trial court, and a reviewing court shall not disturb evidentiary decisions in the absence of abuse of discretion resulting in material prejudice. The Supreme Court has repeatedly held the term abuse of discretion implies the trial court's attitude is unreasonable, arbitrary, or unconscionable, see, e.g., State v.Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.
 {¶ 32} Our review of the record leads us to conclude the trial court was well aware of the possible prejudice to appellant in admitting this evidence. We find this evidence was relevant and appropriate to the issues in appellant's case.
 {¶ 33} Appellant's first assignment of error is overruled.
 II. {¶ 34} In his second assignment of error, Appellant argues that his conviction was against the manifest weight and sufficiency of the evidence.
 {¶ 35} Our standard of reviewing a claim a verdict was not supported by sufficient evidence is to examine the evidence presented at trial to determine whether the evidence, if believed, would convince the average mind of the accused's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt,State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492,503.
 {¶ 36} The Supreme Court has explained the distinction between claims of sufficiency of the evidence and manifest weight. Sufficiency of the evidence is a question for the trial court to determine whether the State has met its burden to produce evidence on each element of the crime charged, sufficient for the matter to be submitted to the jury.
 {¶ 37} Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice, State v. Thompkins
(1997), 78 Ohio St.3d 387, citations deleted. On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment."State v. Thompkins, 78 Ohio St.3d 380, 387, 678 N.E.2d 541,1997-Ohio-52, citing State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.
 {¶ 38} Appellant was charged with theft, in violation of R.C.2913.02, which states:
 {¶ 39} "R.C. 2913.02 Theft; aggravated theft
 {¶ 40} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 41} "(1) Without the consent of the owner or person authorized to give consent;
 {¶ 42} "* * *"
 {¶ 43} The jury heard testimony from Sheryl Corrigan, a pharmacy tech. for the Acme store, who testified that she observed Appellant pushing a shopping cart loaded with un-bagged groceries toward the store exit, at least one-hundred feet past the check-out registers, and that she notified the store manager of such. (T. at 124-129).
 {¶ 44} The jury further heard testimony from the store manager, Jeff Sanders, who testified that he saw Appellant exit the store with the cart full of items. He further testified as to his conversation with Appellant wherein Appellant told him that his girlfriend would be coming to the store with a credit card to pay for the groceries, that he had one of the women in the office page the girlfriend, and that the girlfriend never answered the page. He also testified that Appellant acted insulted, stated that he did not want to have to deal with this and attempted to leave his office, which result in "a little tussle." (T. at 135-141). Mr. Sanders also testified that at no time did he give his consent of give Appellant permission to leave the store with the grocery cart full of items. (T. at 144-145).
 {¶ 45} The jury also heard testimony from Andrea Conn, the store cashier whose testimony is set forth in Assignment of Error I, as well as the two North Canton Policemen who responded to the call from the manager and arrested Appellant.
 {¶ 46} Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant committed the crime of theft. We hold, therefore, that the state met its burden of production regarding each element of the crime and, accordingly, there was sufficient evidence to support appellant's conviction.
 {¶ 47} We conclude the jury, in resolving the conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant committed the crime of theft.
 {¶ 48} Accordingly, appellant's conviction for theft is not against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
 {¶ 49} This cause is affirmed.
Boggins, P.J., Wise, J., concurs.
Hoffman, J., concurs separately.
 NUNC PRO TUNC JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, is affirmed.
This Judgment Entry shall speak and be in effect, nunc protunc, as of December 12, 2005, the date of the former Judgment Entry of this Court, which this Judgment Entry corrects and replaces. Costs assessed to Appellant.
 OPINION {¶ 50} Appellant appeals his conviction and sentence entered on January 21, 2005, following a jury trial, in the Stark County Court of Common Pleas on one count of theft.
 {¶ 51} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 52} On October 29, 2004, Appellant filled a grocery cart at the Acme store in North Canton with approximately $1,500.00 worth of items and attempted to exit the store without paying for the items. The manager of the store stopped Appellant just as he was outside the doors of the store. Upon seeing the manager, Appellant pushed the cart back into the store, stating that he was just going outside to smoke a cigarette. When asked to pay for the items in the cart, Appellant stated that his girlfriend was on the way to the store with a credit card to pay for the items. Appellant's girlfriend was paged, but no one ever came to pay for the items. (T. at 139-140). At one point Appellant attempted to leave but was stopped by the manager.
 {¶ 53} The cart contained 212 items which were neatly organized, with the smallest items located in the bottom of the cart, and the larger items on top. The cart also contained many multiples of items. The majority of the items were health and beauty goods, including deodorant, soaps and laundry detergent. (T. at 144, 161-162, 165, 167-168).
 {¶ 54} The store manager contacted the police, who took Appellant into custody. Appellant only had one dollar in his wallet, no credit cards and no identification. Initially, Appellant falsely identified himself to police as Robert Warner. (T. at 191-194, 200-203).
 {¶ 55} On November 30, 2004, Appellant Martin Higinbotham was indicted on one count of theft, in violation of R.C. 2913.02, a felony of the fifth degree.
 {¶ 56} On July 9, 2004, Appellant was arraigned and a entered a plea of not guilty.
 {¶ 57} Prior to the trial, Appellant filed two motions in limine. The first motion sought to exclude evidence of the fact that Appellant was on parole and that an active warrant existed for his arrest at the time he was arrested on this charge. The trial court sustained this motion.
 {¶ 58} The second motion sought to exclude evidence concerning an incident which occurred one week prior to this theft, wherein Appellant was observed by a store employee packing a cart full with items. The store employee notified the manager but by that time Appellant had abandoned the cart and left the store. The State argued that evidence of this prior act should be admissible under Evid.R. 404(B) as evidence of plan, knowledge, or lack of mistake. The trial court agreed and overruled Appellant's motion in limine but advised Appellant that a limiting instruction would be given, if requested.
 {¶ 59} On January 21, 2005, this matter proceeded to jury trial. The jury returned a verdict of guilty as charged in the indictment.
 {¶ 60} The trial court sentenced appellant to eleven (11) months incarceration.
 {¶ 61} Appellant now appeals, assigning the following as error:
 ASSIGNMENT OF ERROR {¶ 62} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT ADMITTED HIGHLY PREJUDICIAL AND IMPROPER TESTIMONY REGARDING HIS PRIOR ACTS.
 {¶ 63} "II. THE VERDICT FINDING THE APPELLANT GUILTY OF THEFT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I. {¶ 64} In the first assignment of error, Appellant argues that the trial court erred in allowing evidence of the prior activity which occurred at the store. Appellant urges this is evidence of prior criminal acts improperly introduced in violation of Evid. R. 404(B). We disagree.
 {¶ 65} Evidence Rule 404(B) states:
 {¶ 66} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 67} R.C. § 2945.59 states:
 {¶ 68} "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
 {¶ 69} Because Evid.R. 404(B), and R.C. § 2945.59, codify an exception to the common law with respect to evidence of other acts of wrongdoing, they must be construed against admissibility, and the standard for determining admissibility of such evidence is strict. State v. Broom (1988), 40 Ohio St.3d 277,533 N.E.2d 682, syllabus by the court, paragraph 1.
 {¶ 70} Specifically, Appellant objects to the introduction of following testimony by Andrea Conn, an Acme store employee:
 {¶ 71} "Q. Andrea, before we went to the side bar you were getting ready to tell the jury where you had seen this Defendant before and when?
 {¶ 72} "A. I had seen him the week before. I saw him in the deodorant aisle, and I made sure that I made eye contact and made sure that I had noticed him.
 {¶ 73} "Q. What, if anything, did you notice about — or strike that. Let me back up for a second. When you saw him shopping in the deodorant aisle did he have a shopping cart?
 {¶ 74} "A. Yes, he did.
 {¶ 75} "Q. Were there items in the cart?
 {¶ 76} "A. It seemed like there were a small amount at the bottom. It was just probably on the bottom of the cart.
 {¶ 77} "Q. Did you notice anything at that point in time in the way that the items were placed in the cart the week before?
 {¶ 78} "A. Yes. There were multiples. It seemed like that it was multiples and that it was well organized at the bottom; that things were in a specific manner. And the way that the — thing that I found unusual is that there were multiples of deodorants, that there were several different kinds of deodorants. (T. at 174-175).
 {¶ 79} In State v. Noling, 98 Ohio St.3d 44,2002-Ohio-7044, 781 N.E.2d 88, the Ohio Supreme Court held the admission of evidence is addressed to the broad discretion of the trial court, and a reviewing court shall not disturb evidentiary decisions in the absence of abuse of discretion resulting in material prejudice. The Supreme Court has repeatedly held the term abuse of discretion implies the trial court's attitude is unreasonable, arbitrary, or unconscionable, see, e.g., State v.Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.
 {¶ 80} Our review of the record leads us to conclude the trial court was well aware of the possible prejudice to appellant in admitting this evidence. We find this evidence was relevant and appropriate to the issues in appellant's case.
 {¶ 81} Appellant's first assignment of error is overruled.
 II. {¶ 82} In his second assignment of error, Appellant argues that his conviction was against the manifest weight and sufficiency of the evidence.
 {¶ 83} Our standard of reviewing a claim a verdict was not supported by sufficient evidence is to examine the evidence presented at trial to determine whether the evidence, if believed, would convince the average mind of the accused's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt,State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492,503.
 {¶ 84} The Supreme Court has explained the distinction between claims of sufficiency of the evidence and manifest weight. Sufficiency of the evidence is a question for the trial court to determine whether the State has met its burden to produce evidence on each element of the crime charged, sufficient for the matter to be submitted to the jury.
 {¶ 85} Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice, State v. Thompkins
(1997), 78 Ohio St.3d 387, citations deleted. On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment."State v. Thompkins, 78 Ohio St.3d 380, 387, 678 N.E.2d 541,1997-Ohio-52, citing State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.
 {¶ 86} Appellant was charged with theft, in violation of R.C.2913.02, which states:
 {¶ 87} "R.C. 2913.02 Theft; aggravated theft
 {¶ 88} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 89} "(1) Without the consent of the owner or person authorized to give consent;
 {¶ 90} "* * *"
 {¶ 91} The jury heard testimony from Sheryl Corrigan, a pharmacy tech. for the Acme store, who testified that she observed Appellant pushing a shopping cart loaded with un-bagged groceries toward the store exit, at least one-hundred feet past the check-out registers, and that she notified the store manage of such. (T. at 124-129).
 {¶ 92} The jury further heard testimony from the store manager, Jeff Sanders, who testified that he saw Appellant exit the store with the cart full of items. He further testified as to his conversation with Appellant wherein Appellant told him that his girlfriend would be coming to the store with a credit card to pay for the groceries, that he had one of the women in the office page the girlfriend, and that the girlfriend never answered the page. He also testified that Appellant acted insulted, stated that he did not want to have to deal with this and attempted to leave his office, which result in "a little tussle." (T. at 135-141). Mr. Sanders also testified that at no time did he give his consent of give Appellant permission to leave the store with the grocery cart full of items. (T. at 144-145).
 {¶ 93} The jury also heard testimony from Andrea Conn, the store cashier whose testimony is set forth in Assignment of Error I, as well as the two North Canton Policemen who responded to the call from the manager and arrested Appellant.
 {¶ 94} Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant committed the crime of theft. We hold, therefore, that the state met its burden of production regarding each element of the crime and, accordingly, there was sufficient evidence to support appellant's conviction.
 {¶ 95} We conclude the jury, in resolving the conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant committed the crime of theft.
 {¶ 96} Accordingly, appellant's conviction for theft is not against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
 {¶ 97} This cause is affirmed.
Boggins, P.J., Hoffman, J and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, is affirmed. Costs assessed to appellant.