[Cite as *State v. Chamberlain*, 2020-Ohio-3583.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

WILLIAM C. CHAMBERLAIN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 JE 0007**

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 18 CR 180

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jeffrey Bruzzese,* Jefferson County Justice Center, 16001 State Route 7, Steubenville, Ohio 43952, for Plaintiff-Appellee, and

*Atty. Bernard Battistel*, Scarpone & Associates, 2021 Sunset Boulevard, Steubenville, Ohio 43952, for Defendant-Appellant.

Dated:
June 17, 2020

_____

**Donofrio, J.**

**{¶1}** Defendant-appellant, William Chamberlain, appeals his conviction and sentence in the Jefferson County Common Pleas Court following a jury trial for one count of assault on a peace officer in violation of R.C. 2903.13(A)(C)(5), a fourth-degree felony, and one count of resisting arrest in violation of R.C. 2921.33(A), a second-degree misdemeanor.

**{¶2}** On October 14, 2018, Sergeant Jeff Bernard of the Ohio State Highway Patrol was patrolling Route Seven near Brilliant, Ohio. While on patrol, Sergeant Bernard witnessed a silver vehicle with heavily tinted windows pass by him. Sergeant Bernard stopped this vehicle suspecting the window tint was illegal. Appellant was driving this vehicle.

**{¶3}** During the stop, Sergeant Bernard detected the odor of raw marijuana. Appellant did not have a driver's license on him and identified himself as William Hall. Sergeant Bernard ordered appellant out of the vehicle and searched him. The search yielded $1,000 in cash and two cell phones. Sergeant Bernard did not arrest appellant at this time but placed him in the rear of the squad car without handcuffs while he verified appellant's identity. Sergeant Bernard asked appellant questions in order to ascertain his identity but appellant either refused to provide information or provided incorrect information.

**{¶4}** After Sergeant Bernard's attempts to identify appellant failed, he returned to the rear of the squad car to arrest appellant for falsification and operating a motor vehicle without a license. When Sergeant Bernard attempted to place appellant in handcuffs, appellant began physically resisting. Sergeant Bernard described appellant's resistance:

> He was forcing me backwards. He had his - - I was coming up off the ground. I was actually just barely on my toes which was keeping me from going over the guardrail.

Case No. 19 JE 0007

The only thing that saved me from going over the guardrail was I was able - - from all the pressure he was putting into me, I was able to under-hook one arm. He was coming in like this and driving me and had me up - - you will be able to see I'm up that much higher than him. He has me up - - almost up off the ground. His elbows are out.

So, at that time I knew I was in trouble and I under-hooked one arm underneath his and I like over-hooked the other arm thinking that if I go over the guardrail he's going with me.

So, I was able to work my - - my - - my - - my body back down to where I was a little bit more even ground with him. At that time I was able to turn him and he's still pressing into me but I was able to turn his body to get me away from the back - - from the guardrail and as he was driving into me I was able to like toss him to try to throw him and when I did that, you - - you can see on the video his feet go up in the air but he pretty much landed right back on his feet and - - and attempted to flee from there.

(Tr. 154-155).

{¶5} At trial, the state admitted video of part of this altercation into evidence without objection as State's Exhibit 4.

{¶6} After this altercation, appellant fled on foot across Route Seven. Sergeant Bernard pursued appellant and caught him near a culvert approximately 150 feet away from where the initial traffic stop occurred. Sergeant Bernard tackled appellant from behind and the two began to wrestle. Appellant managed to get away and hid behind a bush. Sergeant Bernard deployed mace into the bush where appellant was hiding. Appellant then got away again. This second incident was not caught on video.

{¶7} Sergeant Bernard notified police dispatch of appellant's description and then returned to his patrol car. Several other officers, including Trooper Trevor Koontz of the Ohio State Highway Patrol, joined the search for appellant. Trooper Koontz and two other officers located and arrested appellant near a set of railroad tracks.

{¶8} A Jefferson County Grand Jury indicted appellant for assault on a peace officer and resisting arrest. The matter proceeded to a jury trial where plaintiff-appellee,

the State of Ohio, called Trooper Koontz and Sergeant Bernard.  Trooper Koontz testified that he and two other officers located and arrested appellant.  Sergeant Bernard testified to the above referenced facts.  In addition to State's Exhibit 4, the state admitted into evidence: two photographs of appellant, a photograph of the tint reading of appellant's window, and Sergeant Bernard's incident report.  The jury found appellant guilty on both counts.

**{¶9}** On February 27, 2019, the trial court sentenced appellant to 18 months of incarceration for assault on a peace officer and 60 days of incarceration for resisting arrest to run concurrently for a total of 18 months of incarceration.  Appellant timely filed his notice of appeal on March 15, 2019.  Appellant now raises three assignments of error.

**{¶10}** Appellant's first and second assignments of error raise manifest weight of the evidence and sufficiency of the evidence arguments respectively.  "We address the sufficiency argument before the manifest weight argument because if a conviction is not supported by sufficient evidence, the defendant cannot be retried due to the attachment of jeopardy."  *State v. Sykes*, 7th Dist. Mahoning No. 16 MA 0162, 2018-Ohio-983, ¶ 11 citing *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).  Thus, we will address appellant's assignments of error out of order.

**{¶11}** Appellant's second assignment of error states:

THE STATE PRESENTED INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION OF ASSAULT ON AN OFFICER.

**{¶12}** Appellant argues that his assault on a peace officer conviction is not supported by sufficient evidence.  He contends the evidence only demonstrated that he attempted to flee from Sergeant Bernard.  Appellant goes on to argue that the only evidence of an assault was the sergeant's testimony and this testimony failed to demonstrate that he acted "knowingly."

**{¶13}** Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the verdict.  *State v. Dickson*, 7th Dist. Columbiana No. 12 CO 50, 2013-Ohio-5293, ¶ 10 citing *Thompkins*, 80 Ohio St.3d at 113.  Sufficiency is a test of adequacy.  *Id.*  Whether the evidence is legally sufficient to sustain a verdict is a

question of law. *Id.* In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements proven beyond a reasonable doubt. *Id.* citing *State v. Goff*, 82 Ohio St.3d 123, 138, 694 N.E.2d 916 (1998). When evaluating the sufficiency of the evidence to prove the elements, it must be remembered that circumstantial evidence has the same probative value as direct evidence. *Id.* citing *State v. Jenks*, 61 Ohio St.3d 259, 272-273, 574 N.E.2d 492 (1991) (superseded by state constitutional amendment on other grounds).

{¶14} Assault is defined, in relevant part, as knowingly causing or attempting to cause physical harm to another. R.C. 2903.13(A). If the victim of the assault is a peace officer, assault is a fourth-degree felony. R.C. 2903.13(C)(5).

{¶15} A person acts knowingly, in part, "when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). As the element of intent dwells in a person's mind, it must be gathered from the surrounding facts and circumstances. See *In re Washington*, 81 Ohio St.3d 337, 340, 691 N.E.2d 285 (1998) quoting *State v. Huffman*, 131 Ohio St. 27, 1 N.E.2d 313 (1936).

{¶16} Sergeant Bernard testified that appellant forced him backwards and pressed him into the guardrail. (Tr. 154-155). He further testified that appellant was "driving" into him with his body and appellant had him almost up off of the ground. (Tr. 154-155). The sergeant stated that he knew he was in trouble of going over the guardrail. (Tr. 154-155). But he eventually managed to "toss" appellant so that he could get away from the guardrail. (Tr. 154-155). State's Exhibit 4 corroborates the sergeant's testimony of a struggle with appellant.

{¶17} In a sufficiency challenge, we must view the evidence in the light most favorable to the prosecution. *Dickson* at ¶ 10 citing *Goff*. Viewing Sergeant Bernard's testimony and State's Exhibit 4 in the light most favorable to the prosecution, the evidence supporting appellant's conviction for assault on a peace officer is sufficient as a matter of law. In fact, the sergeant's testimony alone is sufficient to support appellant's conviction. When appellant struggled with Sergeant Bernard and "drove" his body into the sergeant

forcing him up and against the guardrail, appellant was aware his conduct would result in causing or attempting to cause physical harm to the sergeant.

**{¶18}** Accordingly, appellant's second assignment of error lacks merit and is overruled.

**{¶19}** Appellant's first assignment of error states:

> THE DEFENDANT-APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶20}** Here, appellant contends that his conviction for assault on a peace officer is against the manifest weight of the evidence for two reasons. First, he argues that there is a lack of evidence regarding this conviction because Sergeant Bernard did not report during the altercations that he was being assaulted. Second, he argues that Sergeant Bernard initiated the altercations.

**{¶21}** "The claim that a verdict is against the manifest weight of the evidence concerns whether a jury verdict is supported by 'the *greater amount of credible evidence.*' (Emphasis in original.)" *State v. Merritt*, 7th Dist. Jefferson No. 09 JE 26, 2011-Ohio-1468, ¶ 45 citing *Thompkins*, 78 Ohio St.3d at 378. The reviewing court weighs the evidence and all reasonable inferences and considers the credibility of the witnesses. *Thompkins* at 387. Although the appellate court acts as the proverbial "thirteenth" juror under this standard, it rarely substitutes its own judgment for that of the jury's. *Meritt* at ¶ 45. This is because the trier of fact was in the best position to determine the credibility of the witnesses and the weight due the evidence. *Id.* citing *State v. Higinbotham*, 5th Dist. Stark No. 2005CA00046, 2006-Ohio-635.

**{¶22}** Only when "it is patently apparent that the factfinder lost its way," should an appellate court overturn the jury verdict. *Id.* citing *State v. Woullard*, 158 Ohio App.3d 31, 2001-Ohio-3395, 813 N.E.2d 964 (2d Dist.). If a conviction is against the manifest weight of the evidence, a new trial is to be ordered. *Thompkins* at 387. "No judgment resulting from a trial by jury shall be reversed on the weight of the evidence except by the concurrence of all three judges hearing the cause." *State v. Miller*, 96 Ohio St.3d 384, 2002-Ohio-4931, 775 N.E.2d 498, ¶ 36 quoting Ohio Constitution, Article IV, Section 3(B)(3).

**{¶23}** While Sergeant Bernard did not report at the time of the altercations that he was being assaulted, this does not negate that State's Exhibit 4 shows appellant engaged in a physical altercation with Sergeant Bernard nor Sergeant Bernard's testimony that appellant was pushing into him and wrestling with him. Similarly, State's Exhibit 4 does not support appellant's argument that Sergeant Bernard instigated the incident. As previously stated, the physical altercation between Sergeant Bernard and appellant did not start until appellant attempted to flee. When appellant attempted to flee, Sergeant Bernard grabbed him and appellant began to struggle. Based on the totality of the evidence, appellant's conviction for assault on a peace officer is not against the manifest weight of the evidence.

**{¶24}** Accordingly, appellant's first assignment of error lacks merit and is overruled.

**{¶25}** Appellant's third assignment of error states:

THE IMPOSITION OF THE MAXIMUM PERIOD OF INCARCERATION AGAINST THE DEFENDANT IS CONTRARY TO O.R.C. §2929.11 AND §2929.12.

**{¶26}** Appellant makes a general argument that the imposition of the maximum sentence of 18 months of incarceration for assault on a peace officer is contrary to R.C. 2929.11 and R.C. 2929.12.

**{¶27}** When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231 ¶ 1.

**{¶28}** Assault on a peace officer is a fourth-degree felony. Fourth-degree felonies are punishable by up to 18 months of incarceration. R.C. 2929.14(A)(4). The trial court sentenced appellant to 18 months of incarceration. Thus, appellant's sentence for assault on a peace officer falls within statutory guidelines.

**{¶29}** But appellant argues that, pursuant to R.C. 2929.11(A), the trial court is required to impose the minimum sanctions necessary. To this end, appellant argues that none of the "more serious" factors of R.C. 2929.12(B) apply for purposes of imposing the

maximum sentence. Pursuant to R.C. 2929.12(B), sentencing courts should consider the following factors to determine if the offender's conduct is more serious: physical or mental injury suffered by the victim; the victim suffered severe physical, psychological, or economic harm; the offender held public office; the offender's occupation, elected office, or profession obliged offender to prevent the offense; the offender's reputation, occupation, elected office, or profession were used to facilitate the offense; the offender's relationship with the victim facilitated the offense; the offender committed the offense for hire or as part of organized crime; the offender was motivated by a discriminatory factor; or the offense was of a domestic nature. Appellant is correct that none of these factors are supported by the record.

**{¶30}** But pursuant to R.C. 2929.14(D)(2), the sentencing court shall consider an offender's criminal history to determine whether the offender is likely to recidivate. At sentencing, the state informed the trial court of appellant's criminal history which included numerous felonies in various states for: grand larceny; possession of drugs; possession of drugs with intent to distribute; possession of stolen property; falsification; assault on an officer; resisting arrest; and assault with a vehicle while under the influence. Based on appellant's criminal history, he is likely to recidivate. Consequently, appellant has failed to demonstrate that his 18-month sentence is not clearly and convincingly supported by the record or that it is contrary to law.

**{¶31}** Accordingly, appellant's third assignment of error lacks merit and is overruled.

**{¶32}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, J., concurs.

D'Apolito, J., concurs.

[Cite as *State v. Chamberlain*, 2020-Ohio-3583.]

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**