THE STATE OF OHIO, APPELLEE, *v.* MURPHY, APPELLANT.

(No. CA85-06-030 — Decided February 28, 1986.)

*Steven Runge,* for appellee.
*Robert W. Rettich III,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Franklin Municipal Court.

On March 17, 1985 at approximately 2:15 a.m., a vehicle operated by defendant-appellant, Penny Murphy, struck the rear of another vehicle at the intersection of Cincinnati-Dayton Road and Roosevelt Boulevard in Franklin Township, Warren County, Ohio.

Trooper Brad Wilson arrived on the scene before either vehicle was moved and, according to the other driver, within thirty to forty-five seconds after the impact. Wilson charged appellant with failure to maintain an assured clear distance ahead and with driving under the influence of alcohol.

At the trial, Sheila M. Selsor, the operator of the other vehicle, testified that she was stopped at the intersection. She said that when the light turned green she barely moved when she was struck in the rear. She also testified that her car was not drivable after the impact and that it was towed away from the scene.

Wilson testified that when he arrived at the scene, appellant was still in her car behind the wheel; that she was very nervous and excited but that he didn't notice any severe injuries or bleeding; and, that he thought "she was more nervous and shook up than anything." Wilson stated that when he stuck his head in the vehicle to talk to appellant he noticed a strong odor of alcohol in the car. He said he later inquired if appellant had been drinking and her reply was that she had had two drinks. Wilson said appellant's eyes were bloodshot and her speech was slurred, but it seemed to get better as time went on.

The officer also stated that his investigation revealed that appellant's vehicle struck the other vehicle from behind.

Wilson caused a blood test to be taken but, for reasons not disclosed in the record, the prosecutor deemed the test results to be inadmissible. Conse-

quently, that information was not available to the trial court and was therefore not available to this court.

After hearing the evidence, the trial court found appellant guilty of both failing to maintain an assured clear distance ahead, and driving while under the influence of alcohol. Appellant has appealed the conviction for driving under the influence of alcohol and, for her assignment of error, contends that her conviction is against the manifest weight of the evidence. We agree.

In the absence of the results of the blood-alcohol test, the state was limited to proceeding with the charge of violation of R.C. 4511.19(A)(1), which prohibits the operation of a motor vehicle while the operator is under the influence of alcohol or any drug of abuse. Thus, the state must prove beyond a reasonable doubt that appellant was under the influence of alcohol at the time of the accident. Since the evidence before the trial court established the following: (1) that appellant's vehicle struck the vehicle ahead of her with such force that it was damaged to the extent that it was necessary for that vehicle to be towed away, (2) that Wilson thought appellant was more nervous and shaken up than anything, (3) that appellant's speech seemed to get better as time went on, and (4) that she was very excited throughout the whole ordeal, we find that it is as reasonable to conclude that appellant's condition was the result of the accident as it was the result of the consumption of alcohol. Therefore, based upon the evidence before the trial court, the state failed to maintain its burden and appellant's assignment of error is sustained.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings ac-cording to law and not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

KOEHLER, P.J., JONES and HENDRICKSON, JJ., concur.