[Cite as *State v. Cunningham*, 2017-Ohio-377.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 14 BE 0020 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| KENNETH EUGENE CUNNINGHAM, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:           Criminal Appeal from the Court of Common Pleas of Belmont County, Ohio
Case No. 13 CR 183

JUDGMENT:           Conviction Affirmed, Sentence Reversed and Modified.

APPEARANCES:

For Plaintiff-Appellee:           Atty. Daniel P. Fry
Belmont County Prosecutor
Atty. Scott Lloyd
Assistant Prosecuting Attorney
147-A West Main Street
St. Clairsville, Ohio 49350
No brief filed

For Defendant-Appellant:           Atty. Rhys Cartwright-Jones
42 North Phelps Street
Youngstown, Ohio 44503

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: February 2, 2017

ROBB, P.J.

{¶1} Defendant-Appellant Kenneth Eugene Cunningham Jr. appeals his felony conviction of operating a motor vehicle under the influence (OVI), which was entered in the Belmont County Common Pleas Court after a jury trial. Appellant argues the state failed to present sufficient evidence of the "under the influence" element of the offense. He also challenges the constitutionality of the statutory provision elevating the offense to a felony due to a prior felony OVI conviction. These arguments are without merit.

{¶2} However, we agree with Appellant's argument that his five-year sentence exceeds the maximum sentence available for a third-degree felony OVI (since this case does not involve a specification for five or more prior OVI convictions within the past twenty years). For the following reasons, the judgment of conviction is affirmed, but the judgment of sentence is reversed and modified to thirty-six months (sixty days of which was mandatory).

## STATEMENT OF THE CASE

{¶3} Appellant was indicted for OVI due to an incident occurring on April 9, 2013, during which Appellant allegedly "did operate a motor vehicle, to-wit: a 1997 Honda TRX 300 ATV; within the State of Ohio while under the influence of alcohol and/or drugs of abuse." The indictment disclosed the offense was a third-degree felony due to Appellant's two prior felony OVI convictions and specified the case numbers and dates. *See* R.C. 4511.19(G)(1)(e) (offense is a third-degree felony where the defendant has a prior felony OVI conviction, regardless of when).

{¶4} The case was tried to a jury on March 18, 2014. A paramedic/fire captain at Neffs Fire Department testified to his response to an emergency call on Pike Street on April 9, 2013 at approximately 11:30 p.m. (Tr. 70-71). The ambulance arrived two minutes after receiving the call as the scene of the accident was located near the fire department. The paramedic found a man lying in the middle of the road in front of a bar. (Tr. 71, 73). He identified the man as Appellant and also testified Appellant provided his name when asked. (Tr. 74). Appellant had a laceration above his eye, a bruise on his left flank, an abrasion near his chest, and numerous

abrasions and lacerations to his arm (consistent with "road rash"). (Tr. 88-89). Bystanders at the scene advised the paramedic Appellant was on a four-wheeler and experienced a crash. (Tr. 88, 98-99).

{¶5} Appellant was loaded into the ambulance and transported to the hospital. The paramedic noticed Appellant had an odor of an alcoholic beverage. (Tr. 86, 96, 103). Appellant repeatedly advised he wished to go home and provided the name of a street located .10 mile from the scene of the accident; he did not provide a street number. (Tr. 76, 91, 97). The paramedic explained he was not permitted to let an onboard patient refuse treatment if he appeared to be under the influence of drugs or alcohol. (Tr. 94-95). The paramedic reviewed the various observations he made on standard checklists as to Appellant's condition, which were mostly normal with the exception of an elevated heart rate of 102 (where normal is 60-80). (Tr. 77-84, 87-88, 97). In response to defense questioning, the paramedic was not surprised to learn Appellant suffered a concussion and was placed in intensive care for a punctured lung. (Tr. 99, 101).

{¶6} The state then called the Ohio State Highway Patrol trooper who responded to the emergency call. When he arrived, the ambulance had already left the scene. The trooper testified the evidence indicated "the four-wheeler had went off the south side of the roadway, struck a trailer and a metal newspaper box, overturned, and landed on the south side of the roadway." (Tr. 114). The trailer was described as a small box trailer used to carry ATVs. The trooper noted the entire area was a straight stretch of paved roadway. (Tr. 115). He found no signs of evasive action, such as skid marks. (Tr. 116-117). He noticed a tire track exiting the roadway and leading to where the trailer was impacted. (Tr. 116, 143). He was able to discern where the ATV began to rotate, causing it to strike the metal newspaper box, and where the ATV landed. (Tr. 143). The top of the ATV had extensive damage indicating it rolled over in the accident. (Tr. 117, 144).

{¶7} After taking measurements, the trooper visited Appellant at the hospital. Appellant denied being involved in a crash or operating an ATV. (Tr. 123). While Appellant was lying on a gurney, the trooper detected "a very strong odor of an

alcoholic beverage emanating from his person." Appellant's actions were slow and sluggish, his speech was slow and slurred, and his eyes were very bloodshot and glassy. (Tr. 122). The trooper pointed out: "I have heard him speak normally, yes. And it was different than – than what I heard there at the hospital." (Tr. 146). The trooper also noticed Appellant's eyes involuntarily jerking while facing forward, which is known as resting nystagmus. (Tr. 123-124, 135). The trooper opined Appellant was under the influence of alcohol based on the totality of the circumstances. (Tr. 131, 132, 138). Intending to offer a blood test, the trooper read Bureau of Motor Vehicles Form 2255 to Appellant and explained the consequences of a license suspension upon refusal to consent to testing. A nurse witnessed the reading of the form. Appellant refused testing (and refused to sign the form). (Tr. 124). The trooper issued a citation (and, for the refusal, an administrative license suspension). (Tr. 127, 144-145).

{¶8} A stipulation was entered as to Appellant's two prior felony convictions, removing this element from the jury's consideration. The jury found Appellant guilty of driving under the influence of alcohol. A presentence investigation was ordered. The state filed a position statement on sentencing, urging a maximum sentence was warranted as this was Appellant's fourth felony OVI conviction. The state claimed the maximum sentence was five years, citing *State v. Sturgill*, 12th Dist. Nos. CA2013-01-002, CA2013-01-003, 2013-Ohio-4648. At sentencing, the court noted this was Appellant's tenth OVI conviction. Defense counsel argued the maximum sentence for a third-degree felony was only three years. The trial court disagreed and expressly adopted the Twelfth District's reasoning in *Sturgill*. The court concluded the specific statute controlled over the general statute, resulting in a maximum sentence of five, not three, years.

{¶9} The trial court imposed five years in prison (with 61 days jail time credit), a lifetime driver's license suspension, and a $1,350 fine. Appellant filed a timely notice of appeal. Upon establishing his indigency, Appellant was appointed new counsel for appeal. Appellant received extensions for filing the transcript and for briefing, and his brief was eventually filed over the state's objection. The state did

not thereafter file a responsive brief. Various pertinent Supreme Court decisions have been issued since the case was briefed.

<u>ASSIGNMENT OF ERROR NUMBER ONE</u>:

<u>SUFFICIENT EVIDENCE ON "UNDER THE INFLUENCE" ELEMENT</u>

**{¶10}** Appellant's first assignment of error provides:

"The government failed to prove its case against Cunningham to a burden of sufficient evidence."

**{¶11}** Appellant alleges the evidence offered at trial consisted of only "vague signs of intoxication" such as a "nondescript odor of alcohol." As to the testimony on slow speech and resting nystagmus, Appellant points to the concussion he suffered as a result of the accident. He notes the lack of test results to establish intoxication. He concludes the evidence was insufficient to prove the offense of operating a motor vehicle under the influence, citing *State v. Murphy*, 30 Ohio App.3d 255, 256, 507 N.E.2d 409 (12th Dist.1986) (reversing OVI conviction where defendant showed she was startled by a vehicle running into the back of her vehicle as an alternative explanation for the behavior observed by officer) and *State v. Finch*, 24 Ohio App.3d 38, 39-40, 492 N.E.2d 1254 (12th Dist.1985) (lack of probable cause for arrest based on officer's observations of defendant where no traffic incident occurred).

**{¶12}** Initially, we point out the Twelfth District retreated from its *Murphy* holding, finding it was based upon the application of a Supreme Court case on circumstantial evidence which has since been overruled. *State v. Hull*, 12th Dist. No. CA90-11-108 (Sep. 23, 1991). The Twelfth District explained *Murphy* was based upon the overruled holding: "Circumstantial evidence relied upon to prove an essential element of a crime must be irreconcilable with any reasonable theory of an accused's innocence in order to support a finding of guilt." *See State v. Kulig*, 37 Ohio St.2d 157, 309 N.E.2d 897 (1974), syllabus. The Supreme Court overruled *Kulig* in *Jenks* and held "when the state relies on circumstantial evidence to prove an element of the offense charged, there is no requirement that the evidence must be irreconcilable with any reasonable theory of innocence in order to support a conviction." *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991),

overruling *Kulig*, 37 Ohio St.2d 157. "Circumstantial evidence and direct evidence inherently possess the same probative value." *Id.* at 273.

**{¶13}** Since *Jenks*, the Supreme Court has explained the concepts of sufficiency of the evidence and weight of the evidence are quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Appellant notes the difference and raises sufficiency of the evidence. Sufficiency is the legal standard applied to ascertain whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law; it is a test of adequacy and a question of law. *Id.* at 386. A reversal on sufficiency grounds bars retrial. *Id.* at 387. A conviction is supported by sufficient evidence if any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt after viewing the evidence in the light most favorable to the state. *State v. Goff*, 82 Ohio St.3d 123, 138, 694 N.E.2d 916 (1998).

**{¶14}** Appellant believes there is insufficient evidence he was intoxicated and uses his injuries from the ATV accident to explain the trooper's observations. However, viewed in the light most favorable to the state, a rational juror could have found Appellant was under the influence of alcohol (or a combination of alcohol and drugs). Concerning Appellant's characterization of the olfactory evidence as "nondescript," the paramedic noticed Appellant smelled of an alcoholic beverage and implemented policies applicable when a person appears to be under the influence. In addition, the trooper detected "a very strong odor of an alcoholic beverage emanating from his person." The trooper described Appellant's actions as slow, sluggish, and delayed. Appellant's speech was slow, thick-tongued, and slurred. This was different from Appellant's speech heard by the officer at a later date. Appellant's eyes were very bloodshot and glassy. The trooper also noticed Appellant's eyes involuntarily jerking while facing forward, even though he was not tracking a stimulus. This resting nystagmus was characterized as an indicator of intoxication.

**{¶15}** Field sobriety tests could not be administered as Appellant was being transported to the hospital when the trooper arrived at the scene. Field sobriety testing is not required for a conviction. *See State v. Schmitt*, 101 Ohio St.3d 79,

2004-Ohio-37, 801 N.E.2d 446, ¶ 10-12. "It is generally accepted that virtually any lay witness, including a police officer, may testify as to whether an individual appears intoxicated. * * * Such lay testimony is often crucial in prosecuting drunk driving cases." *Id.* at ¶ 12. The trooper was an experienced officer who opined the indicators he observed were the result of Appellant's intoxication. *See State v. Nash*, 5th Dist. No. 2014CA00159, 2015-Ohio-3361, ¶ 20-21 (officer's opinion, experience, and training are relevant). The paramedic confirmed Appellant smelled of an alcoholic beverage and found it notable Appellant kept repeating he needed to go home. Although the jury could find the accident was an explanation for certain aspects of Appellant's condition, it was not required to do so. *See, e.g., State v. Zehenni*, 12th Dist. No. CA2016-03-020, 2016-Ohio-8233, ¶ 20, 25 (defendant argued any indicia of impairment observed by police was consistent with head trauma occurring from the traffic accident).

{¶16} In fact, the jury could rationally add the accident and the surrounding circumstances to the other indicators of intoxication. Notably, the road was paved and straight; yet, the ATV left the road and hit a trailer and a metal newspaper box with no indication it swerved or slowed beforehand. "Erratic driving is indicative of the driver being under the influence of alcohol * * * Being involved in a single-vehicle accident with no significant outside factors is circumstantial evidence of erratic driving." *State v. Heiney*, 11th Dist. No. 2006-P-0073, 2007-Ohio-1199, ¶ 23. *See also State v. Teeters*, 7th Dist. No. 295, 2002-Ohio-6001, ¶ 11 (a single-car accident suggests erratic driving from which impairment can be inferred). In addition, the trooper testified Appellant denied even being involved in a crash. This was contrary to testimony from the responding paramedic, who found Appellant lying in the street with crash-consistent injuries and who gathered information to assist in medical treatment, and from the officer who collected evidence as to the path of the damaged ATV. *See, e.g., City of Hamilton v. Baker*, 12th Dist. No. CA93-09-170 (May 16, 1994), citing *City of Fairfield v. Regner*, 23 Ohio App.3d 79, 84, 491 N.E.2d 333 (12th Dist.1985) (suspect smelled of alcohol and was found near an automobile at the scene of a single-car accident).

**{¶17}** Moreover, a defendant's refusal to submit to testing requested by an officer can have probative value on the question of whether he was intoxicated. *See, e.g., City of Westerville v. Cunningham*, 15 Ohio St.2d 121, 122-123, 239 N.E.2d 40 (1968) ("it is reasonable to infer that a refusal to take such a test indicates the defendant's fear of the results of the test and his consciousness of guilt"). *See also South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). In fact, the Ohio Supreme Court approved the following jury instruction:

> Evidence has been introduced indicating the defendant was asked but refused to submit to a chemical test of his [or her] breath to determine the amount of alcohol in his [or her] system, for the purpose of suggesting that the defendant believed he [or she] was under the influence of alcohol. If you find the defendant refused to submit to said test, you may, but are not required to, consider this evidence along with all the other facts and circumstances in evidence in deciding whether the defendant was under the influence of alcohol.

*City of Maumee v. Anistik*, 69 Ohio St.3d 339, 632 N.E.2d 497 (1994), syllabus.

**{¶18}** Here, the jury was instructed in accordance with *Anistik* without objection. Appellant's refusal to submit to testing requested by the officer, even though he was lying in a hospital awaiting treatment, was additional probative evidence for the jury's consideration. Lastly, the time was approximately 11:30 p.m., and the accident occurred in front of a bar where bystanders knew Appellant. (Tr. 70, 72-73, 98). *See, e.g., State v. Bobo,* 37 Ohio St.3d 177, 178-179, 524 N.E.2d 489 (1988) (time of night and location are part of the totality of circumstances for stop and arrest); *State v. Koczwara*, 7th Dist. No. 13 MA 149, 2014-Ohio-1946, ¶ 11 (incident occurring at night and near establishment selling alcohol are probative evidence in the evaluation of intoxication).

**{¶19}** In summary, the totality of the circumstances, viewed in the light most favorable to the prosecution, permit a rational juror to conclude beyond a reasonable doubt Appellant was under the influence of alcohol (or a combination of drugs and

alcohol) when he operated the motor vehicle. Appellant's first assignment of error is overruled.

ASSIGNMENT OF ERROR NUMBER TWO:

USING PRIOR CONVICTIONS TO CHARGE A FELONY

**{¶20}** Appellant's second assignment of error provides:

"The felony conviction against Cunningham is unconstitutional."

**{¶21}** As this issue was not raised to the trial court, Appellant asks for a plain error review under Crim.R. 52(B). Pursuant to Crim.R. 52(B), "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." An appellate court's invocation of plain error requires the existence of an obvious error which affected substantial rights. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Murphy*, 91 Ohio St.3d 516, 532, 747 N.E.2d 765 (2001). Recognition of plain error is discretionary with the reviewing court; it is not mandatory. *Rogers*, 143 Ohio St.3d 385 at ¶ 22-23.

**{¶22}** Appellant contends the statutory provision elevating an offense to a felony based solely on a prior felony is unconstitutional for the reasons expressed in *State v. Klembus*, 8th Dist. No. 100068, 2014-Ohio-1830, 10 N.E.3d 811. We note this decision was replaced by the Eighth District, but the end result stayed the same. *See State v. Klembus*, 8th Dist. No. 100068, 2014-Ohio-3227, 17 N.E.3d 603 (where the appellate court granted reconsideration for clarification purposes). The Eighth District evaluated the specification in R.C. 2941.1413 and its treatment in R.C. 4511.19(G)(1)(d), defining an offense as a fourth-degree felony and calling for a mandatory prison term for a specification involving five or more prior OVIs in twenty years. The court opined the specification improperly allowed the prosecutor to arbitrarily subject some individual defendants to increased penalties, with no requirement for uniform application. *Id.* at ¶ 21, 23.

**{¶23}** The Eighth District concluded the specification was not rationally related to a legitimate state interest and thus violated equal protection principles. *Id.* at ¶ 23. Appellant asserts the *Klembus* rationale extends to his case as (G)(1)(d) (involved in *Klembus*) and (G)(1)(e) (involved in Appellant's case and defining his offense as a third-degree felony due to a prior felony OVI conviction) contain a similar sentencing structure. However, Appellant was not charged with the specification in R.C. 2941.1413, involving five or more prior OVI convictions in twenty years. Rather, he was charged with a third-degree felony OVI, with the indictment explaining how the degree of the offense was based upon two prior felony OVI convictions.

**{¶24}** Regardless, while Appellant's case was pending, the Ohio Supreme Court reversed the Eighth District's *Klembus* case. The Supreme Court held: "The application of R.C. 4511.19(G)(1)(d) and 2941.1413 to offenders with five or more convictions in the preceding 20 years for operating a motor vehicle while under the influence does not violate equal protection." *State v. Klembus*, 146 Ohio St.3d 84, 2016-Ohio-1092, 51 N.E.3d 641, syllabus (and denying reconsideration in June 2016 in 146 Ohio St.3d 1418, 2016-Ohio-3390, 51 N.E.3d 661, ¶ 12). The Court concluded the elevation of the offense to a felony based on prior convictions is rationally related to a legitimate state interest. *See id.* at ¶ 9 (after explaining no fundament right or suspect class was involved).

**{¶25}** In accordance, Appellant's second assignment of error is without merit. As discussed infra, the Supreme Court's *Klembus* case also contained a discussion of the statutory OVI maximum sentencing parameters. This leads to the final issue: the imposition of a five-year sentence for a third-degree felony OVI.

<u>MAXIMUM SENTENCE</u>

**{¶26}** Appellant's brief reviews the trial court's decision finding a third-degree felony OVI maximum sentence was five years rather than three years. The brief then explains Appellant is seeking reversal due to the issues set forth in the two assignments of error and due to "a sentence that is superseded by an[d] outside [the] scope of the general 3 year sentence available under Revised Code Section 2929.13 for a third degree felony." (Br. at 2-3). We agree with this argument as the five-year

sentence exceeds the maximum sentence available for a third-degree felony OVI under R.C. 4511.19(G)(1)(e)(i) where Appellant was not charged with a specification involving five or more prior OVI convictions within the past twenty years.

**{¶27}** R.C. 4511.19(G)(1)(e) provides: "An offender who previously has been convicted of or pleaded guilty to a violation of division (A) of this section that was a felony, regardless of when the violation and the conviction or guilty plea occurred, is guilty of a felony of the third degree." This section then provides instructions for sentencing such an offender. Pursuant to R.C. 4511.19(G)(1)(e)(i),

> If the offender is being sentenced for a violation of division (A)(1)(a), (b), (c), (d), (e), or (j) of this section, a mandatory prison term of one, two, three, four, or five years as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code or a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender is not convicted of and does not plead guilty to a specification of that type. The court may impose a prison term in addition to the mandatory prison term. The cumulative total of a sixty-day mandatory prison term and the additional prison term for the offense shall not exceed five years. In addition to the mandatory prison term or mandatory prison term and additional prison term the court imposes, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

**{¶28}** Initially, we note the trial court's ability to choose a mandatory sentence of one, two, three, four, or five years depends on whether the defendant was convicted of a specification under R.C. 2941.1413. As aforementioned, said specification deals with cases where the defendant was charged and convicted of a

specification for five or more prior OVI convictions in the past twenty years.[1] Where, as here, the case does not involve a specification under R.C. 2941.1413, the mandatory sentence discussed in R.C. 4511.19(G)(1)(e)(i) is sixty days, and the court may impose an additional prison term for the OVI offense.

**{¶29}** The trial court may have believed the statutory language permitted a five-year sentence because it capped the cumulative total of the mandatory sixty-day term and the discretionary additional term at five years. Some background is helpful here. Until September 30, 2011, the available prison terms for a third-degree felony were: one, two, three, four, or five years. *See* Former R.C. 2929.14(A)(3). Upon the amendments in 2011 H 86 (occurring prior to Appellant's current offense), the available prison terms for a third-degree felony decreased to nine, twelve, eighteen, twenty-four, thirty, or thirty-six months, pursuant to new subdivision (b) of R.C. 2929.14(A)(3), unless the offense was specifically listed in new subdivision (a) of (A)(3). *See* R.C. 2929.14(A)(3)(a) (if the offense is listed, then the available prison terms are twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months). The list in R.C. 2929.14(A)(3)(a) does not contain OVI as an offense subject to a higher maximum prison term.

**{¶30}** In *Sturgill*, the Twelfth District upheld a five-year sentence for a third-degree OVI conviction (and another five-year sentence for the specification under R.C. 2914.1413). *State v. Sturgill*, 12th Dist. Nos. CA2013-01-002, CA2013-01-003, 2013-Ohio-4648, ¶ 40, 44 (no conflict between R.C. 4511.19 and the general sentencing statute of R.C. 2929.14), applying R.C. 4511.19(G)(1)(e)(i). The state relied upon *Sturgill* below in claiming Appellant could be sentenced to five years on this third-degree felony OVI. The trial court also expressly relied upon this holding from *Sturgill*. However, the Twelfth District has since overruled this portion of *Sturgill*. *State v. Burkhead*, 12th Dist. No. CA2014-02-028, 2015-Ohio-1085, ¶ 13, 24 (but maintaining the holding there is no conflict in the sentencing statutes). The *Burkhead*

---

[1] If the offender is convicted of a violation of R.C. 4511.19(A)(1)(a) and a specification under R.C. 2941.1413 but has no prior felony conviction, then the offense is a fourth-degree felony under R.C. 4511.19(G)(1)(d) and incarceration is governed by R.C. 4511.19(G)(1)(d)(i).

court held the additional sentence for an underlying OVI offense is governed by R.C. 2929.14(A)(3) and (B)(4), which provides for a non-mandatory sentence of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months. *Id.* at ¶ 13.

**{¶31}** In a case released after briefing in the case at bar, the Ohio Supreme Court confirmed this reading of the statutes. In *South*, the defendant was convicted of OVI with a specification under R.C. 2941.1413. He was sentenced to five years for the OVI and three years for the specification; the trial court characterized both as "mandatory" sentences. As to the sentence on the OVI conviction, the Supreme Court concluded the sentence of five years for a third-degree felony OVI was contrary to law as the maximum prison term for a third-degree felony is thirty-six months, which is discretionary on the OVI offense rather than mandatory. *State v. South*, 144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.3d 734, ¶ 7, 23-24 (and upheld the mandatory sentence for the specification).

**{¶32}** In doing so, the Court harmonized the general sentencing and the OVI statutes, finding no conflict between them. *Id.* at ¶ 7, 9 (acknowledging the statutes were repetitive and confusing). *See, e.g.,* R.C. 2929.13(A)(2) (if the offender is being sentenced for a third-degree felony OVI, in addition to the mandatory prison term required for the offense by (G)(2) of this statute, the court must impose a fine and may impose an additional prison term as described in R.C. 2929.14(B)(4) or community control); R.C. 2929.13(G)(2) (providing for a mandatory sixty-day prison term as specified in R.C. 4511.19(G)(1)(e) for a third-degree felony OVI where there was no R.C. 2941.1413 specification); R.C. 2929.14(B)(4) ("In addition to the mandatory prison term, * * * if the offender is being sentenced for a third degree felony OVI offense, the sentencing court may sentence the offender to an additional prison term of any duration specified in division (A)(3) of this section"); R.C. 2929.14(A)(3)(b) (for third-degree felonies not listed in (A)(3)(a), "the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months").

**{¶33}** From this, the Supreme Court concluded the additional sentence for a third-degree OVI conviction is discretionary and carries a maximum definite (and non-mandatory) term of thirty-six months (ranging down to nine months). *See id.* at ¶ 18-

19, 25. In speaking of the additional sentence, the Court was referring to the sentence imposed after the mandatory sentence, which differs depending on whether the offense carried the specification in R.C. 2941.1413 or not. In addressing the Twelfth District's *Sturgill* holding, the Supreme Court noted, "since oral argument in this case, the Twelfth District has overruled *Sturgill* and interpreted the sentencing statutes consistent with our holding today." *Id.* at fn.1, citing *Burkhead*, 12th Dist. No. CA2014-02-028.

**{¶34}** The Ohio Supreme Court explained the statutory sentencing scheme in the *Klembus* case as well. The Court stated in pertinent part: "A third-degree-felony OVI offender faces a base maximum term of 36 months plus 60 or 120 days in prison" depending on whether (e)(i) or (e)(ii) of R.C. 4511.19(G)(1) applies. *Klembus*, 146 Ohio St.3d 84 at ¶ 12, citing *South*, 144 Ohio St.3d 295 at ¶ 24. *See also* R.C. 2929.13(G)(2). In addition to the base, a specification under R.C. 2941.1413 may be attached to a third-degree felony when the accused has a history of five or more OVI convictions in the preceding twenty years, but it may not be attached to a third-degree felony where there were fewer than five OVI prior convictions in the past 20 years. *Klembus*, 146 Ohio St.3d 84 at ¶ 13. Where the R.C. 2941.1413 specification is applied, a mandatory prison term of one, two, three, four, or five years is imposed in addition to the base term of imprisonment for the underlying third-degree felony OVI offense (instead of the sixty-day term mandated for third-degree felonies without a specification under R.C. 2941.1413). *Id.* at ¶ 14. This makes the maximum sentence "36 months plus five years" for a third-degree felony OVI with a specification of five or more prior convictions in twenty years. *Id.*

**{¶35}** Where, as here, there is no specification under R.C. 2941.1413, only the base term for the third-degree felony OVI offense remains, which the Supreme Court said was a maximum of thirty-months (with sixty days of mandatory time). Likewise, R.C. 2929.14(B)(4) instructs, after imposing the mandatory term for a third-degree felony OVI offense, "the sentencing court may sentence the offender to an additional prison term of any duration specified in division (A)(3) of this section." This

cited division, sets forth thirty-six months as the maximum available prison term for third-degree felonies not contained in (A)(3)(a).  R.C. 2929.14(A)(3)(b).

**{¶36}** Notably, R.C. 2929.14(B)(4) also provides the following instructions: this additional prison term shall be reduced by the sixty days imposed upon the offender as the mandatory prison term; the total of the additional prison term plus the sixty-day mandatory prison term "shall equal one of the authorized prison terms specified in division (A)(3) of this section for a third degree felony OVI" conviction; and "[i]f the court imposes an additional prison term under division (B)(4) of this section, the offender shall serve the additional prison term after the offender has served the mandatory prison term required for the offense."

**{¶37}** Based upon the pertinent sentencing statutes and the Supreme Court's recent pronouncements clarifying how they relate, the trial court's imposition of a five-year sentence for a third-degree felony OVI conviction was clearly and convincingly contrary to law as it exceeds the available maximum sentence (for a case with no specification under R.C. 2941.1413).  Consequently, Appellant's five-year sentence must be reversed.  *See* R.C. 2953.08(G)(2)(b) (appellate review standard where the court clearly and convincingly finds the sentence is contrary to law).  We hereby exercise our authority under R.C. 2953.08(G)(2) to modify and reduce Appellant's sentence to the statutory maximum.  Specifically, Appellant's sentence is modified to thirty-six months (sixty days of which was mandatory).

**{¶38}** For the foregoing reasons, the judgment of conviction is affirmed, but the judgment of sentence is reversed and modified to thirty-six months (sixty days of which was mandatory).

Donofrio, J., concurs.

DeGenaro, J., concurs.