# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO, CITY OF YOUNGSTOWN,

Plaintiff-Appellee,

v.

YOLANDA NORTH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0066**

---

Criminal Appeal from the
Youngstown Municipal Court of Mahoning County, Ohio
Case No. 17 TRC 4636

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Kathleen Thompson*, Senior Assistant Law Director, 9 West Front Street, 3rd Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee, and

*Atty. Alexander Keane*, P.O. Box 92, Canfield, Ohio 44406, for Defendant-Appellant.

Dated:

December 23, 2020

**Donofrio, J.**

{¶1}    Defendant-appellant, Yolanda North, appeals from a Youngstown Municipal Court judgment following a jury trial and convicting her of one count of operating a vehicle while intoxicated (OVI) in violation of R.C. 4511.19(A)(1)(A) and one count of failing to drive in marked lanes in violation of R.C. 4511.33.

{¶2}    At 1:53 a.m. on October 27, 2017, Trooper Voytek, an Ohio State Highway Patrolman was working with an OVI task force in Youngstown, Ohio.  He witnessed a car on Glenwood Avenue swerve left of center by an entire tire width on four separate occasions.  He stopped this car and found appellant driving with a passenger.

{¶3}    Upon Trooper Voytek's approach, appellant immediately informed him that she was eating popcorn and it had spilled.  He noticed popcorn in the center console of the car.  He also detected an odor of an alcoholic beverage and observed that appellant had bloodshot, glassy-looking eyes.   He asked if she had consumed any alcohol, and she denied doing so.

{¶4}    Trooper Voytek asked appellant to exit the vehicle in order to perform field sobriety tests.  He performed three field sobriety tests: the horizontal gaze nystagmus (HGN) test; the walk-and-turn test; and the one-leg stand.  After detecting numerous clues, Trooper Voytek concluded that appellant was operating a motor vehicle while under the influence.  The field sobriety tests were not viewable on Trooper Voytek's dashboard camera but could only be heard because he had appellant perform the tests on the sidewalk for safety purposes due to the curved or hilly nature of where the stop occurred.

{¶5}    Trooper Voytek arrested appellant for OVI and failing to drive in marked lanes and transported her to the State Highway Patrol Post in Canfield, Ohio to perform a breathalyzer test.  Appellant took the breathalyzer approximately 58 minutes after the initial stop.  The breathalyzer machine takes two samples to measure blood alcohol content (BAC) and uses the lower BAC of the two samples to determine BAC level. Appellant's first sample recorded a BAC of .082.  Appellant's second sample recorded a BAC of .077.

**{¶6}** Appellant was arraigned on the charges and demanded a jury trial. The matter proceeded to a jury trial where the only witness to testify was Trooper Voytek, who testified to the above facts on direct examination. The state also introduced into evidence a video from Trooper Voytek's cruiser showing appellant swerve left of center four times. On cross-examination, Trooper Voytek testified that a sober person could also commit a marked lanes violation. He also testified that it was possible that the alcohol smell was coming from the passenger in the vehicle and there could be numerous reasons why a person could have bloodshot eyes, including being poked in the eye, being tired, and allergies. Trooper Voytek stated that appellant seemed nervous and did not have slurred speech. He reaffirmed that he performed the breathalyzer test correctly at the Post and appellant's official result was a BAC of .077.

**{¶7}** On redirect examination, Trooper Voytek testified that there are occasions where drivers commit marked lanes violations and they are not impaired. He explained that upon pulling them over, he considers the totality of the circumstances before arresting someone for OVI, such as whether he smells alcohol, observes bloodshot or glassy-looking eyes, slurred speech, or sees a cell phone with a half-typed text sitting on the driver's lap. He explained that these observations and field sobriety tests are included in his consideration.

**{¶8}** At the conclusion of the state's case, appellant's counsel moved for an acquittal pursuant to Crim.R. 29. Appellant's counsel initially indicated that this motion was based mainly on the state's failure to establish proper venue. Further addressing the court, counsel then began stating that the state also did not meet its burden as to sufficiency of the evidence, when the trial court interrupted her and said that the evidence was sufficient.

**{¶9}** The jury found appellant guilty on both counts. In a judgment entry dated May 22, 2018, the trial court sentenced appellant to ten days of incarceration and fines and court costs. Appellant timely appealed and now raises three assignments of error. The trial court stayed its sentence pending resolution of this appeal.

**{¶10}** Appellant's first assignment of error states:

THE TRIAL COURT DENIED A FAIR TRIAL BY REFUSING TO HEAR APPELLANT'S GROUNDS FOR A MOTION FOR ACQUITTAL UNDER CRIM. R. 29.

{¶11}   Appellant asserts that she was denied a fair trial because the trial court did not allow her counsel to fully argue her motion for acquittal after the conclusion of the state's case-in-chief.  Appellant contends that her counsel attempted to argue the motion on more than just the ground of whether the state sufficiently established proper venue. She asserts that counsel also tried to argue the insufficiency of the evidence, but the trial court interrupted her and overruled the motion.

{¶12}   R.C. 2945.03 provides that "[t]he judge of the trial court shall control all proceedings during a criminal trial, and shall limit the introduction of evidence and the argument of counsel to relevant and material matters with a view to expeditious and effective ascertainment of the truth regarding the matters in issue."  Whether the trial court has permitted sufficient time for counsel to make an argument is subject to an abuse of discretion standard of review.  *See State v. Kay*, 12 Ohio App.2d 38, 49-50, 230 N.E.2d 652 (8th Dist.1967) (applying this standard to time limits for closing arguments); *see also State v. Moseley*, 8th Dist. Cuyahoga No. 92110, 2010-Ohio-3498, ¶ 60 (applying this standard to time limits for closing arguments).  An abuse of discretion is more than an error of law or judgment; it implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶13}   Here, at the conclusion of the state's case, appellant moved for a directed verdict, arguing "I would like, at this time, to make a directed verdict on the biggest thing is that the state failed to prove venue and jurisdiction in this.  It did not establish this was in the City of Youngstown nor was it in Mahoning County.  I'd say that's automatic removal."  After the parties and the trial court discussed whether the state established venue and jurisdiction, which it did, the following discussion ensued:

> MS. CICCONE: And, also - - I mean, just that was the one thing.  Also that the state didn't meet [its] burden.  But the directed verdict, the one element is I don't believe he established that it was - -

THE COURT: (Inaudible) evidence is sufficient. We'll see whether or not the venue was properly established.

Appellant argues that venue was only one facet of her directed verdict motion and the trial court inappropriately prevented her counsel from making arguments concerning the sufficiency of the evidence.

{¶14} The trial court did interrupt appellant's counsel. However, appellant does not inform this Court of the substance of the assertion that her counsel wanted to additionally present to the trial court, except to state that she wanted to "state her position as to the sufficiency of the evidence, denying her the opportunity to perhaps make a statement that may have swayed the court." Further, while short, the trial court indicated that it had considered whether the evidence was sufficient as a matter of law and held that the "evidence is sufficient." This shows that the trial court did consider the sufficiency of the evidence at that time.

{¶15} Nevertheless, even if the trial court improperly denied appellant the opportunity to fully raise additional arguments regarding her directed verdict motion, this was harmless error. Harmless error is defined as "[a]ny error, defect, irregularity, or variance which does not affect substantial rights[.]" *State v. Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, 24 N.E.3d 1153, ¶ 23 quoting Crim.R. 52(A). Harmless error shall be disregarded. *Id.* Harmless error exists in this case because the trial court indicated that it had considered the sufficiency of the evidence. Further, Appellant's counsel was given the opportunity to argue and did argue about the sufficiency of the evidence before the jury, and this issue went to the jury for determination.

{¶16} In addition, appellant raises a sufficiency of the evidence argument in her second assignment of error before this Court. The same standard of review that applies to challenge a trial court's denial of a Crim. R. 29 motion for acquittal applies to a challenge to the sufficiency of the evidence. *State v. Armengau*, 2017-Ohio-4452, 93 N.E.3d 284 (10th Dist.). Accordingly, this Court's ruling on appellant's second assignment of error below renders harmless any failure on the part of the trial court to not allow appellant's counsel to fully present a sufficiency of the evidence argument. For the reasons stated in appellant's second assignment of error, Trooper Voytek provided sufficient evidence that appellant was intoxicated. Thus, even if Appellant made

additional arguments that the state did not substantively prove that she operated a vehicle while under the influence, the evidence supporting appellant's OVI conviction is sufficient as a matter of law.

**{¶17}** Accordingly, appellant's first assignment of error lacks merit and is overruled.

**{¶18}** In her second assignment of error, appellant asserts:

APPELLANT'S CONVICTION IS BASED UPON INSUFFICIENT EVIDENCE AS THE ELEMENT OF IMPAIRMENT WAS NOT PROVEN BEYOND A REASONABLE DOUBT.

**{¶19}** Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the verdict. *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). Sufficiency is a test of adequacy. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Whether the evidence is legally sufficient to sustain a verdict is a question of law. *Id.* In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements proven beyond a reasonable doubt. *Smith*, 80 Ohio St.3d 113. When evaluating the sufficiency of the evidence to prove the elements, it must be remembered that circumstantial evidence has the same probative value as direct evidence. *State v. Thorn*, 7th Dist. Belmont Nos. 16BE00054, 17BE0013, 2018-Ohio-1028, ¶ 34, citing *State v. Jenks*, 61 Ohio St.3d 259, 272-273, 574 N.E.2d 492 (1991) (superseded by state constitutional amendment on other grounds).

**{¶20}** This assignment of error is limited to appellant's OVI conviction. The original citation in this case charged appellant with OVI in violation of R.C. 4511.19(A)(1)(a). Pursuant to the statute, "[n]o person shall operate any vehicle…within this state, if, at the time of the operation * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." R.C. 4511.19(A)(1)(a).

**{¶21}** Appellant contends that the prosecution presented insufficient evidence at her trial to support the impairment element of the statute, which is that she was "under the influence of alcohol." R.C. 4511.19(A)(1)(a). She points to Trooper Voytek's

testimony of vehicle lane violations that was countered by his acknowledgment that he saw popcorn in the center console of her car. She cites Trooper Voytek's testimony that her glassy, bloodshot eyes could have been caused by something other than alcohol. She further contends that Trooper Voytek's testimony regarding the results of the field and BAC test results indicated only a likelihood of and not a specific level of impairment.

**{¶22}** In support of her argument, appellant cites State v. Murphy, 30 Ohio App. 3d 255, 507 N.E.2d 409 (12th Dist.1986) for the proposition that the defendant's impairment is an element that must be proven under the statute and a defendant's alternate explanation of the chain of events may be considered when looking to the sufficiency of the evidence.

**{¶23}** The issue in *Murphy* was a challenge to the manifest weight of the evidence, not to its sufficiency. The Twelfth District reversed Murphy's conviction as against the manifest weight of the evidence when the prosecution did not enter the BAC test results into evidence and had to proceed under R.C. 4511.19(A)(1) and show that Murphy was under the influence of alcohol at the time when her car struck the rear of another vehicle. *Id.* The court held that the arresting officer testified at trial that Murphy's eyes were bloodshot, she admitted having two drinks, and he noticed an odor of alcohol in the car. However, he also testified that: (1) the car that Murphy hit was struck so hard that it had to be towed away; (2) he thought Murphy was more nervous and shaken than anything; (3) Murphy's speech was slurred, but it got better over the two hours that they were present at the scene; and (4) Murphy was very excited throughout the entire time on the scene. The court held that the testimony of the officer could just as reasonably lead the trial court to conclude that Murphy's condition was a result of the accident as it was a result of her consuming alcohol. *Id.* The court held that the state had failed to prove impairment and thus the conviction was against the manifest weight of the evidence. *Id.*

**{¶24}** In *State v. Cunningham*, 7th Dist. Belmont No. 18 BE 0020, 2017-Ohio-377, 83 N.E.3d 328, the defendant also relied upon *Murphy*, but argued that his conviction was against the sufficiency of the evidence because the state failed to prove that he was "under the influence" as required by the OVI statute. He asserted that vague, nondescript signs of his intoxication were presented at trial and the arresting trooper's description of

him could have resulted from the injuries he sustained in his ATV crash, including a concussion.

**{¶25}** This Court first pointed out that the Twelfth District retreated from its decision in *Murphy* because that decision was based upon an Ohio Supreme Court holding regarding circumstantial evidence that had been overruled. *Id.*, citing *State v. Hull*, 12th Dist. Clermont No. CA90-11-108, 1991 WL 188153, *3.

**{¶26}** After reviewing the differences between a manifest weight of the evidence challenge and a sufficiency of the evidence challenge, this Court held that sufficient evidence was presented to establish that Cunningham was under the influence of alcohol or a combination of drugs and alcohol when he operated his four-wheeler. *Cunningham* ¶ 19. We reviewed bystander statements that Cunningham was found lying in the middle of the road in front of a bar late at night after crashing his four-wheeler. *Id.* We pointed to the paramedic noticing an odor of alcoholic beverage on Cunningham and the paramedic's execution of policies that applied when a person appeared to be under the influence. *Id.* ¶ 15. This Court also cited the arresting trooper's testimony that he detected a very strong smell of alcohol on Cunningham's person, Cunningham had glassy, bloodshot eyes, slow, delayed and sluggish movements, and his speech was slurred and slow. *Id.* ¶ 13. The trooper also testified that Cunningham's eyes were jerking involuntarily even though he was not tracking a stimulus, which was a resting nystagmus, an indicator of intoxication. *Id.* ¶ 14. This Court also held that the jury could rationally consider the surrounding circumstances and the accident as well as other indicators that Cunningham was under the influence, including the fact that the ATV had left the road and hit a trailer and the lack of indication that the ATV swerved or slowed before the crash. *Id.* ¶ 16. We further noted that Cunningham refused to submit to BAC testing, which had probative value as to whether he was under the influence. *Id.* ¶ 17 (citations omitted).

**{¶27}** As with *Murphy* and *Cunningham*, the instant case was prosecuted under R.C. 4511.19(A)(1)(a), which does not require evidence of a specific BAC in order to show impairment. This section of the statute requires that the state prove a defendant operated a vehicle "when his faculties where appreciably impaired by the consumption of alcohol." *State v. Smith*, 7th Dist. Mahoning No. 05 MA 219, 2007-Ohio-3182, ¶ 76, quoting *State*

*v. Crites*, 7th Dist. Harrison No. 99-518-CA, 2000-Ohio-2665. "As such, the defendant's behavior is the primary consideration." *Id.*

**{¶28}** In the instant case, Trooper Voytek testified that he observed appellant's car travel left of center four times by an entire tire width. The dash-cam video footage was entered into evidence. He further testified that when he pulled appellant over, he noticed that appellant had glassy, bloodshot eyes, which is an indication that a person has consumed alcohol. He testified that he also smelled alcohol coming from appellant or her car. He also testified that when he asked appellant if she had anything to drink, she said no.

**{¶29}** Trooper Voytek also testified about the field sobriety tests he administered to appellant. He explained that pursuant to the National Highway Traffic Safety Administration (NHTSA) manual, if a person exhibits four or more clues from the HGN test, there is an 88% chance that person has a BAC over .10. He testified that out of a total of six possible clues in the HGN, appellant exhibited four. As for the walk and turn test, Trooper Voytek testified that the NHTSA manual states that if a person has two or more clues, there is a 79% chance that the person has a BAC of over .10. He testified that appellant exhibited five clues during the walk and turn test. As for the one-leg stand, Trooper Voytek testified that the NHTSA manual states that if a person has two or more clues, there is a 68% chance that person is over the limit[1] and appellant exhibited three clues during the one-leg stand. He also testified as to appellant's lowest BAC result, which was .077 fifty-eight minutes after pulling her over. He noted that this result indicated alcohol in her system, even though she told him that she had not had anything to drink.

**{¶30}** Viewing this evidence in the light most favorable to the state, sufficient evidence existed to show that appellant was impaired at the time of Trooper Voytek's stop. Appellant veered left of center four times, she had glassy, bloodshot eyes, and there was a smell of alcohol. She also exhibited numerous clues under the field testing as supported by the NHTSA manual to indicate that she was impaired. She also did not tell Trooper Voytek the truth that she had consumed alcohol as her BAC test result

---

1 Unlike the other two tests, Trooper Voytek did not testify here that two or more clues means the person's BAC is likely greater than .10. He just testified "that person's going to be over." (Tr. 112).

indicating that she had. Based on the above, the state presented sufficient evidence to show that appellant was under the influence of alcohol under R.C. 4511.19(A)(1)(a).

{¶31} Accordingly, appellant's second assignment of error is without merit and is overruled.

{¶32} In her third assignment of error, appellant asserts:

APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶33} Appellant reasserts some of the same arguments from her second assignment of error to this assignment of error, except that she asserts that the alternate explanations for her actions acknowledged by Trooper Voytek and Trooper Voytek's field test findings only indicate a likelihood of a BAC of .10 and not the effect that alcohol would have on her. She thus contends that her conviction is against the manifest weight of the evidence.

{¶34} The claim that a verdict is against the manifest weight of the evidence concerns whether a jury verdict is supported by the *"greatest amount of credible evidence."* (Emphasis in original). *State v. Merritt*, 7th Dist. Jefferson No. 09 JE 26, 2011-Ohio-1468, ¶ 45 citing *Thompkins*, 78 Ohio St.3d 380. The reviewing court weighs the evidence and all reasonable inferences and considers the credibility of the witnesses. *Thompkins* at 387. Although the appellate court acts as the proverbial "thirteenth" juror under this standard, it rarely substitutes its own judgment for that of the jury's. *Meritt* at ¶ 45. This is because the trier of fact was in the best position to determine the credibility of the witnesses and the weight due the evidence. *Id.* citing *State v. Higinbotham*, 5th Dist. Stark No. 2005CA00046, 2006-Ohio-635.

{¶35} Only when "it is patently apparent that the factfinder lost its way," should an appellate court overturn the jury verdict. *Id.* citing *State v. Woullard*, 158 Ohio App.3d 31, 2001-Ohio-3395, 813 N.E.2d 964 (2d Dist.). If a conviction is against the manifest weight of the evidence, a new trial is to be ordered. *Thompkins* at 387. "No judgment resulting from a trial by jury shall be reversed on the weight of the evidence except by the concurrence of all three judges hearing the cause." *State v. Miller*, 96 Ohio St.3d 384, 2002-Ohio-4931, 775 N.E.2d 498, ¶ 36 quoting Ohio Constitution, Article IV,

Section 3(B)(3). In a manifest weight challenge, "[w]hen there are two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one should be believed." *State v. Walenciej,* 7th Dist. Jefferson No. 07 JE 6, 2007-Ohio-7206, ¶ 47.

{¶36}   Appellant cites to Trooper Voytek's testimony that he saw popcorn in the center console of appellant's car, which she submits is an alternate explanation for why he observed her car swerving.   However, Trooper Voytek also testified that appellant swerved four times out of her lane, she appeared nervous when he pulled her over, and he noticed that she had glassy, bloodshot eyes and smelled of alcohol.   A reasonable person could find that eating while driving may cause an individual to swerve one or two times, not four, and the odor of alcohol and glassy, bloodshot eyes are signs of intoxication.   Appellant further asserts that the field sobriety tests about which Trooper Voytek testified were explained only in terms of someone having a BAC greater than .10. However, Trooper Voytek testified to appellant's field sobriety test results, explained her inability to follow his instructions while taking those tests, and testified that her results indicated intoxication.   He also testified to her .077 BAC test result taken 58 minutes after he pulled over her car and testified that testing below .080 was due to her metabolizing the alcohol over the 58 minutes.   He further testified that appellant denied consuming alcohol when he asked her and the BAC test result negated her denial.   Based upon this evidence, the Court finds that the jury did not lose its way in finding that appellant was operating a motor vehicle while under the influence of alcohol and therefore her conviction is not against the manifest weight of the evidence.

{¶37}   Accordingly, appellant's third assignment of error lacks merit and is overruled.

{¶38}   For the reasons stated above, the trial court's judgment is hereby affirmed.


Robb, J., concurs.

D'Apolito, J., concurs.


Case No. 18 MA 0066

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Youngstown Municipal Court of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**